UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00370-MOC-DSC

| | | |
|---|---|---|
| **CARLA WALLACE** | ) | |
| **THOMAS VAN WINGERDEN** | | |
| **MICHAEL WALLACE** | | |
| **LINDSEY VAN WINGERDEN,** | | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| **LEGENDS HOSPITALITY, LLC** | ) | |
| **PAVILION PARTNERS** | ) | |
| **LIVE NATION WORLDWIDE, INC.** | | |
| **LIVE NATION ENTERTAINMENT, INC.,** | | |
| | | |
| Defendants. | ) | |

**THIS MATTER** is before the court on the Motion to Strike (#8) proffered by defendants Live Nation Worldwide and Live Nation Entertainment (collectively "Live Nation"). Having considered the motion and reviewed the pleadings, the court enters the following Order.

The Motion asks the court to strike the following paragraph from plaintiffs' Complaint (#1):

> Live Nation touts itself as the "Global Leader for Live Entertainment," boasts having 530 million fans across 37 countries, and reported revenue for [Live Nation Entertainment] of $7.2 billion in 2015 alone.

(#1) at ¶ 17. Live Nation contends that the allegations made in this paragraph are not only irrelevant, but they are also highly prejudicial. (#9) at 4-5. Further, Live Nation argues that any probative value of this allegation is outweighed by its unfair prejudice. (#9) at 3.

Rule 12(f) governs a motion to strike the pleadings in full or in part. Rule 12(f) provides that the court "<u>may</u> strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added). The use of "may" indicates that the court has substantial discretion in its decision whether to grant such a motion.

Rule 12(f) Motions are viewed with "disfavor" as the striking of a pleading is "a drastic remedy." <u>Waste Management Holdings v. Gilmore</u>, 252 F.3d 316, 347 (4th Cir. 2001). A motion to strike places a "sizable burden on the movant, and would typically require a showing that denial of the motion would prejudice the movant." <u>Miller v. Rutherford Cty.</u>, No.1:08CV441, 2008 WL 5392057, at *4 (W.D.N.C. Dec. 19, 2008) (internal citation and quotations omitted).

*Inter alia*, Live Nation contends that this information will have prejudicial impact, including a newspaper article in its filings that refers to the paragraph in question. (#9) at 5 and (#9-1). The court cannot so find.

The information contained within paragraph 17, as quoted above, is generally available on Live Nation's website. For example, one publically-available article "Live Nation Entertainment Reports Fourth Quarter and Full Year 2015 Results," notes that Live Nation reported revenue of $7.2 billion in 2015. See <u>http://investors.livenationentertainment.com/news-center/news-center-details/2016/Live-Nation-Entertainment-Reports-Fourth-Quarter-And-Full-Year-2015-Results/default.aspx</u>.

Indeed, the home page of Live Nation Entertainment notes prominently the phrase "We are the Global Leader for Live Entertainment," next to the phrases "550 million fans" and "40 countries." The court includes here a picture of these claims on Live Nation's home page (<u>http://www.livenationentertainment.com/</u>) as of the date of this Order.



Live Nation claims that its own prominently displayed, publically-available information about its company is prejudicial to itself in the present action. The court cannot so find. There is some prejudice that naturally occurs when a defendant is sued, especially if there is publicity around the suit.

Live Nation compares the potential prejudice it will suffer to that of a mugshot. (#14) at 4. In E.E.O.C. v. Bo-Cherry, Inc., this court struck the inclusion of a mugshot to prove that a plaintiff in a civil rights suit trimmed and neatly maintained his beard. No. 3:13-CV-00210-MOC, 2013 WL 2317724, at *2 (W.D.N.C. May 28, 2013). Plaintiff in that suit was arguing that he was fired for his religious belief, specifically wearing a beard under the tenants of Islam. This

court in that case agreed that "any reference to the Complainant's alleged criminal record is immaterial, impertinent, and scandalous as it would unduly prejudice plaintiff in pursuing the serious civil rights issues raised in this case." Id.

Bo-Cherry is highly distinguishable. In that case, a mugshot in an unrelated criminal matter in a pleading in a civil rights suit. Here, a sophisticated corporate defendant alleges that its publically-available earnings and descriptive information is somehow prejudicial in a negligence suit. Any prejudice to these corporate defendants from the information in paragraph 17 is minimal, and further minimized as the information is available on its own website, including prominently display on its home page. Accordingly, Live Nation has not met its high burden on this 12(f) Motion, and it will be denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that Live Nation's Motion to Strike (#8) is **DENIED**, with prejudice.

Signed: August 7, 2017

Max O. Cogburn Jr.
United States District Judge